UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| CHARLES BRYAN POWERS AND § | | |
| MARY SUSAN POWERS § | CASE NO. 09-50513 | |
| § | | |
| Debtors, § | | |
| § | CHAPTER 7 | |
| | | |
| MANN BRACKEN, LLP f/k/a § | | |
| WOLPOFF & ABRAMSON, LLP § | | |
| And LVNV FUNDING LLC, § | | |
| § | | |
| Plaintiffs, § | | |
| § | ADV NO. 09-05043 | |
| vs. § | | |
| § | | |
| CHARLES BRYAN POWERS, § | | |
| § | | |
| Defendant. § | | |

## DEFENDANT'S MOTION TO DISMISS FOR
## FAILURE TO STATE A CLAIM

In response to Plaintiffs' First Amended Complaint to Determine Dischargeability of Debts under 11 U.S.C. § 523(a)(6), Defendant files this Motion to Dismiss For Failure To State A Claim under Federal Rule of Bankruptcy Procedure 12(b)(6).

### A. Grounds for Motion

1. In their Complaint, Plaintiffs did not state a claim upon which relief can be granted as a matter of law. Therefore, the court should dismiss Plaintiffs' Complaint.

### B. Argument

2. The court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint does not state factual allegations showing that the right to

relief is plausible and above mere speculation. *Bell Atlantic Corp v. Twonby,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 1974 (2007).

3. Plaintiffs allege at page 8 of their motion that they incurred a financial injury or financial injury to their property by having to expend money for attorney fees to defend a class action brought by the Debtor on behalf of his client. In ***Coyle v. Campbell*, 44 B.R. 116, 117-118 (M.D. Florida 1984),** the Florida Bankruptcy Court dealt with the issue that is present in our case.

4. In *Coyle* the plaintiffs alleged that the debtor had forged their signatures on a guarantee of a debt to a corporation that he owned in order to get a loan. The alleged damage to the plaintiffs was the attorney fees that they had to incur defending themselves on the lawsuit brought by the lender when the debtor's corporation defaulted on the debt. Assuming that the debtor did in fact forge the plaintiffs signatures and that the cost of defense were incurred as a result of that, the Court held that no "injury to property", as required by §523(a)(6) occurred:

> It is the Plaintiffs' position that the right to an "unimpaired financial condition" is a property interest which is entitled to a protection and which if impaired would create a non-dischargeable obligation under §523(a)(6) of the Bankruptcy Code. In support of this proposition, the Plaintiffs contend that their financial condition was impaired because of the legal expenses which they incurred during the litigation brought upon them as a result of the Debtor's willful and malicious conduct.
>
> Although the Debtor does not admit that he forged the signature of the Plaintiffs on the guaranties he contends that the matter is amendable to resolution as a matter of law because even assuming without admitting that he forged the names of the Plaintiffs, the right to an "unimpaired financial condition" is not a "property" interest entitled to protection by § 523(a)(6).
>
> …
>
> There is hardly any question that the right to maintain "unimpaired financial condition" is not something which can be transferred or something which can be

transferred or something which is capable of cognizable ownership or translatable to cognizable monetary value. According, this Court is satisfied that an unimpaired "financial condition" is not a property right within the meaning of § 523(a)(6) which can be maliciously injured. This being the case, the Plaintiff cannot prevail as a matter of law and the remaining Count of the Complaint shall be dismissed for failure to state a claim for which relief can be granted.

### C. PRAYER

5.    For these reasons, defendant asks the court to do the same and:

    a.    Render judgment that Plaintiffs take nothing.

    b.    Dismiss Plaintiffs' suit with prejudice.

    c.    Assess costs against Plaintiffs.

    d.    Award Defendant attorney fees.

    e.    Award Defendant all other relief the Court deems appropriate.

Respectfully submitted,

*/s/ Harlin C. Womble, Jr.*
Harlin C. Womble, Jr.
State Bar No. 21880300
***JORDAN, HYDEN, WOMBLE, CULBRETH, & HOLZER, P.C.***
500 North Shoreline Drive, Suite 900
Corpus Christi, Texas 78471
Telephone:    361.884.5678
Facsimile:    361.888.5555
Email: hwomble@jhwclaw.com
**BANKRUPTCY COUNSEL FOR DEBTORS**

## CERTIFICATE OF SERVICE

I certify that on May 28th, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kevin Evont Bowens
Baron, Newburger & Sinsley, PLLC
1212 Guadalupe Street, Suite 102
Austin, Texas

Helen G. Schwartz
Pullman, Cappuccio, Pullen , Benson, LLP
2162 NW Military Highway, Suite 400
San Antonio,Tx 78213

/s/ Harlin C. Womble
Harlin C. Womble