UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: § <br> CHARLES BRYAN POWERS AND § <br> MARY SUSAN POWERS § <br> § <br> Debtors, § <br> § | | CASE NO. 09-50513 <br><br><br><br><br> CHAPTER 7 |
| MANN BRACKEN, LLP f/k/a § <br> WOLPOFF & ABRAMSON, LLP § <br> And LVNV FUNDING LLC, § <br> § <br> Plaintiffs, § <br> § <br> vs. § <br> § <br> CHARLES BRYAN POWERS, § <br> § <br> Defendant. § | | ADV NO. 09-05043 |

**DEFENDANT'S ORIGINAL ANSWER TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, Charles Bryan Powers, files this original answer to the amended original complaint of Plaintiffs, Mann Bracken LLP and LVNV Funding LLC.

1. Defendant lacks specific knowledge or information to form a belief about the truth of the allegation that Mann Bracken LLP ("Mann Bracken") was formerly known as Wolpoff & Abramson LLP or that Mann Bracken is the successor by merger to Wolpoff & Abramson LLP, but admits the remaining allegations in the introductory paragraph.

2. Defendant admits the allegations in paragraphs 1 and 2.

3. Defendant lacks specific knowledge or information to form a belief about the truth of the allegation that Mann Bracken is creditor and party in interest in the bankruptcy case but admits the remaining allegations of paragraph 3.

4. Defendant admits the allegations of paragraph 4.

5. Defendant admits that he is a Texas attorney licensed since 1978 and represents plaintiffs and defendants in cases requesting class certification, but denies the remaining allegations in paragraph 5.

6. Defendant admits that the federal court entered a judgment against Powers for the amounts stated, but denies the remaining allegations in the first sentence of paragraph 6; and admits the allegations of the second sentence of paragraph 6, but denies that the motion was filed in a prior case.

7. Defendant admits the allegations in paragraph 7.

8. Defendant admits that LVNV filed a suit against Gracie Lopez in JP court, but denies that a deputy constable served a citation and petition on her to collect a debt.

9. Defendant admits the allegations in the first and fifth sentences of paragraph 9, but denies the remaining allegations.

10. Defendant admits the allegations in paragraph 10.

11. Defendant denies the allegations in paragraph 11.

12. Defendant admits the allegations in the second sentence of paragraph 12, but denies the remaining allegations in paragraph 12.

13. Defendant admits the allegations paragraph12 (second).

14. Defendant admits the allegations in the second and fourth sentences in paragraph 13, denies the allegations in the first and third sentences, and lacks sufficient knowledge or information to form a belief about the truth of the fifth sentence of paragraph 13.

15. Defendant denies the allegation in paragraph 14a through 14f, except to admit that plaintiff argued those points.

16. Defendant lacks sufficient knowledge or information to form a belief about the truth of the first sentence of paragraph 15 and admits the second sentence and third sentences.

17. Defendant alleges lack of knowledge as stated in the foregoing paragraphs as to incorporated allegations in paragraph 16.

18. Defendant admits the allegations in the first through the fifth sentences of paragraph 17, but denies the allegations in the balance of paragraph 17.

19. Defendant denies the allegations in paragraph 18.

20. Defendant denies the allegations in paragraph 19.

21. Defendant admits the allegations in the first sentence of paragraph 20; states that the second sentence does not require an admission or denial; and denies the third sentence.

22. Defendant denies the allegations in paragraph 21.

23. On October 8, 2008, the District Court, at a hearing, granted Lopez 21 days safe harbor to dismiss her lawsuit against defendants and signed an Order granting the Debtor 21 days in which to file a voluntary dismissal of Lopez's lawsuit against all defendants or else face sanctions under Rule 11 of the Federal Rules of Civil Procedure. On October 14, 2008, within the 21-day grant of safe harbor, Powers, on behalf of Lopez, responded to the Defendants' motions for Rule 11 sanctions by voluntarily dismissing Lopez's lawsuit against all parties. The court granted dismissal of plaintiff's claims *without prejudice*.

## **PRAYER**

24. For these reasons, Defendant asks the Court to do the following:

    a.     Render judgment that Plaintiffs take nothing.
    b.     Award Defendant all other relief the Court deems appropriate.

Respectfully submitted,

*/s/ Harlin C. Womble, Jr.*
Harlin C. Womble, Jr.
State Bar No. 21880300
Susan M. Womble
State Bar No. 24042292
***JORDAN, HYDEN, WOMBLE, CULBRETH, & HOLZER, P.C.***
500 North Shoreline Drive, Suite 900
Corpus Christi, Texas 78471
Telephone:    361.884.5678
Facsimile:    361.888.5555
Email: hwomble@jhwclaw.com
          swomble@jhwclaw.com
**BANKRUPTCY COUNSEL FOR DEBTORS**

## CERTIFICATE OF SERVICE

    I certify that on June 25, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kevin Evont Bowens
Baron, Newburger & Sinsley, PLLC
1212 Guadalupe Street, Suite 102
Austin, Texas

Helen G. Schwartz
Pullman, Cappuccio, Pullen , Benson, LLP
2162 NW Military Highway, Suite 400
San Antonio, Tx 78213

                                                                           /s/  Harlin C. Womble, Jr.